**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4361**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUAPRIS CUANTEZ TORAIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00226-NCT-1)

Submitted:  July 31, 2020                     Decided:  August 13, 2020

Before MOTZ and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quapris Cuantez Torain appeals his conviction and 180-month sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). Torain argues that his guilty plea was not knowing and voluntary because the district court did not explain that, had the case gone to trial, the Government would be required to prove that Torain knew that he had been previously convicted of a felony. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Torain also challenges his classification as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2018).

In *Rehaif*, the Supreme Court held that, in order to sustain a conviction under § 922(g), the Government must prove both that the defendant: (1) knowingly possessed a firearm, and (2) knew that he held the relevant status prohibiting his possession. At Torain's Fed. R. Crim. P. 11 hearing, the district court did not advise Torain of the elements of the offense as set forth in *Rehaif*. Because Torain did not move to withdraw his guilty plea, we review his plea challenge for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Knight*, 606 F.3d 171, 177 (4th Cir. 2010).

In *United States v. Gary*, 954 F.3d 194, 200 (4th Cir. 2020), we held that "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights." We further found "that the error seriously affected the fairness, integrity and public reputation of the judicial proceedings

2

and therefore [we] must exercise our discretion to correct the error." *Id.* In light of *Gary*, we find that Torain's guilty plea and conviction must be vacated and the case remanded to the district court for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because the invalidity of Torain's guilty plea is dispositive of this appeal, we do not address the appropriateness of any sentence imposed based on the plea. *See Gary*, 954 F.3d at 199 n.2.

3